**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VISTA MARKETING, LLC,**

    **Plaintiff,**

v.                                          Case No.  8:12-cv-1640-T-30TBM

**TERRI A. BURKETT and**
**JOSEPH R. PARK,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Joseph R. Park's Motion to Dismiss Count II of Plaintiff's Complaint (Dkt. 4) and Plaintiff's Response in opposition (Dkt. 7).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Vista Marketing LLC ("Vista") filed this action against Defendants Terri A. Burkett and Joseph R. Park alleging violations of the Stored Communications Act ("SCA") by Defendant Burkett (Count I) and conspiracy against Defendants Burkett and Park to violate the SCA (Count II).

During the relevant time, Franklin A. Burkett, an officer and the sole managing member of Vista, and Defendant Burkett were in the midst of a divorce proceeding.  Vista alleges that following the commencement of the divorce proceeding in February 2010, Defendant Burkett intentionally accessed Vista's web-mail account and the electronic

communications distributed to Franklin A. Burkett at [frank@vistamktg.net](mailto:frank@vistamktg.net) without authorization. Defendant Burkett allegedly read most of the communications delivered to Franklin A. Burkett's Vista e-mail address in order to gain a strategic advantage in the divorce proceeding.

Vista alleges that Defendant Park was Defendant Burkett's divorce attorney. In late 2011, Defendant Burkett informed Defendant Park of her access to Vista's web-mail account and the electronic communications distributed to Franklin A. Burkett. Vista alleges that Defendant Park encouraged Defendant Burkett to continue accessing Vista's web-mail account and the electronic communications distributed to Franklin A. Burkett, and advised Defendant Burkett to compile and print many of the communications for his use and her experts' use in the divorce proceeding.

Vista alleges that neither Defendant notified Vista of the unauthorized access to Vista's web-mail account. Vista alleges that Defendant Burkett admitted her actions of accessing Vista's web-mail account during her May 10, 2012 deposition in the divorce proceeding.

Defendant Park now moves to dismiss the conspiracy claim to violate the SCA.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in

a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations." *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

The relevant section of the SCA provides that whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided; or intentionally exceeds an authorization to access that facility; and thereby obtains ... access to a wire or electronic communication while it is in electronic storage in such system shall be punished ..." 18 U.S.C. § 2701(a).  The statute allows for private causes of action where "any person" injured by a violation of the SCA can show that the person violating the Act acted with a "knowing or intentional state of mind[.]"  18 U.S.C. § 2707(a).

The elements of civil conspiracy under Florida law are: "(1) an agreement between two or more parties (2) to do an unlawful act by unlawful means (3) the committing of an overt act in pursuance of the conspiracy and (4) damage to the plaintiff as a result of the act." *Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.,* 590 F. Supp. 2d 1364, 1368 (M.D. Fla. 2008) (citing *Walters v. Blankenship,* 931 So. 2d 137, 140 (Fla. 5th DCA 2006)).

Vista alleges in Count II of its complaint that Defendants Burkett and Park conspired to violate the SCA.  Defendant Park argues that the claim contains insufficient allegations to state a claim under Fed. R. Civ. P. 12(b)(6).  The Court disagrees.

The complaint's allegations are sufficient to establish Defendant Burkett's underlying violation of the SCA and Defendant Park's aiding and abetting of the violation. Specifically, the complaint contains detailed allegations describing Defendant Burkett's alleged access to Vista's web-mail account in violation of the SCA, including the dates and frequency of her unlawful conduct. The complaint alleges that after Defendant Burkett informed Defendant Park of her unauthorized access of Vista's web-mail account in late 2011, Defendant Park, who was representing her in the divorce proceeding, <u>encouraged</u> and concealed Defendant Burkett's continued access of the electronic communications to gain a strategic advantage in the divorce proceeding. These allegations are sufficient to establish the existence of a conspiracy and Defendant Park's participation in the conspiracy.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Joseph R. Park's Motion to Dismiss Count II of Plaintiff's Complaint (Dkt. 4) is denied.

2. Defendant Joseph R. Park shall file his answer within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 5, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1640.mtdismiss4.frm