**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VISTA MARKETING, LLC,**

    **Plaintiff,**

v.                                                    Case No.  8:12-cv-1640-T-30TBM

**TERRI A. BURKETT and**
**JOSEPH R. PARK,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 31) and Defendants' Responses in Opposition (Dkts. 36 & 37).  The Court, having reviewed the motion, responses, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On July 23, 2012, Plaintiff Vista Marketing LLC ("Vista") filed this action against Defendants Terri A. Burkett and Joseph R. Park alleging violations of the Stored Communications Act ("SCA") by Defendant Burkett (Count I) and conspiracy against Defendants Burkett and Park to violate the SCA (Count II) (Dkt. 1).  On August 15, 2012, Defendant Burkett filed her answer and affirmative defenses (Dkt. 5).  On September 10, 2012, Defendant Park filed his answer and affirmative defenses (Dkt. 9).  On August 26, 2013, Plaintiff filed its motion to strike.  As Defendants point out, this motion is untimely.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a motion to strike must be filed "within 21 days after being served with the pleading." *See* Fed. R. Civ. P. 12(f). Plaintiff's motion was filed more than one year after Burkett filed her answer and more than eleven months after Park filed his answer. Accordingly, Plaintiff's motion is denied as untimely. *See Kahama VI, LLC v. HJH LLC*, 2013 WL 1760254, at *9 (M.D. Fla. April 24, 2013) (Moody, J.) (holding: "Kahama's motion to strike Defendants' affirmative defense is untimely and should be denied on the basis that it fails to comply with Rule 12(f)'s twenty-one day requirement); *Felicia v. Celebrity Cruises, Inc.*, 2012 WL 6869828, at *1-*2 (S.D. Fla. Nov. 14, 2012) (denying plaintiff's motion to strike as untimely because it was filed more than seven months after defendant's answer and affirmative defenses); *Action Nissan, Inc. v. Hyundai Motor America*, 617 F. Supp. 2d 1177, 1186-87 (M.D. Fla. 2008) (holding that plaintiff's motion to strike far exceeded the deadline imposed by Rule 12(f)).

Plaintiff may attack the merits of Defendants' affirmative defenses at the summary judgment stage.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 31) is denied.

**DONE** and **ORDERED** in Tampa, Florida on October 16, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1640.mtstrike.frm