**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VISTA MARKETING, LLC,**

    **Plaintiff,**

v.                                               Case No.  8:12-cv-1640-T-30TBM

**TERRI A. BURKETT and**
**JOSEPH R. PARK,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Joseph R. Park's Motion for Judgment on the Pleadings (Dkt. 45) and Plaintiff's Response in opposition (Dkt. 62). Defendant Terri A. Burkett filed a notice of joinder with respect to Park's motion for judgment on the pleadings (Dkt. 46).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted.

## BACKGROUND

Plaintiff Vista Marketing LLC ("Vista") filed this action against Defendants Terri A. Burkett and Joseph R. Park alleging violations of the Stored Communications Act ("SCA") by Terri Burkett (Count I) and conspiracy against Terri Burkett and Park to violate the SCA (Count II).

During the relevant time, Franklin A. Burkett, an officer and the sole managing member of Vista, and Terri Burkett were in the midst of a divorce proceeding.  Vista alleges that following the commencement of the divorce proceeding in February 2010, Terri Burkett intentionally accessed Vista's web-mail account and the electronic communications

distributed to Franklin A. Burkett at frank@vistamktg.net without authorization. Terri Burkett allegedly read most of the communications delivered to Franklin A. Burkett's Vista e-mail address in order to gain a strategic advantage in the divorce proceeding.

Vista alleges that Park was Terri Burkett's divorce attorney. In late 2011, Terri Burkett informed Park of her access to Vista's web-mail account and the electronic communications distributed to Franklin A. Burkett. Vista alleges that Park encouraged Terri Burkett to continue accessing Vista's web-mail account and the electronic communications distributed to Franklin A. Burkett, and advised Terri Burkett to compile and print many of the communications for his use and her experts' use in the divorce proceeding.

Vista alleges that neither Defendant notified Vista of the unauthorized access to Vista's web-mail account. Vista alleges that Terri Burkett admitted her actions of accessing Vista's web-mail account during her May 10, 2012 deposition in the divorce proceeding.

Park now moves for judgment on the pleadings with respect to the conspiracy claim to violate the SCA (Count II of the complaint).

## **STANDARD OF REVIEW**

A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998). If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

The relevant section of the SCA provides that whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided; or intentionally exceeds an authorization to access that facility; and thereby obtains ... access to a wire or electronic communication while it is in electronic storage in such system shall be punished ..." 18 U.S.C. § 2701(a).  The statute allows for private causes of action where "any person" injured by a violation of the SCA can show that the person violating the Act acted with a "knowing or intentional state of mind[.]"  18 U.S.C. § 2707(a).

Park argues that the SCA does not cover secondary liability, i.e., conspiracy claims under the SCA.  The Court agrees because the relevant statutory provisions do not include any aiding-and-abetting language.  As the Supreme Court has said: "Congress has not enacted a general civil aiding and abetting statute....Thus, when Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abettors." *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 182 (1994).

The Court notes that, although the Eleventh Circuit and district courts within the Eleventh Circuit have not analyzed the issue of secondary liability under the SCA, at least three federal courts have ruled that the SCA does not create or recognize a cause of action for secondary liability claims.  *See Council on American-Islamic Relations Action Network,*


*Inc. v. Gaubatz*, 891 F. Supp. 2d 13, 26-27 (D.D.C. 2012); *Garback v. Lossing,* No. 09-cv-12407, 2010 WL 3733971, at *6 n. 6 (E.D. Mich. Sept. 20, 2010) ("Congress did not expressly provide for secondary liability for violations of [18 U.S.C.] §§ 2701 and 2707 and [plaintiff] offers no persuasive authority for implying such liability."); *Jones v. Global Info. Grp., Inc.,* Civil Action No. 3:06-00246-JDM, 2009 WL 799745, at *3 (W.D. Ky. Mar. 25, 2009) ("[S]ince Congress did not criminalize the actions of aiding and abetting violations of 18 U.S.C. § 2701 as part of that statute, and § 2707 authorize[s] awards of damages to private parties but does not mention aiders or abettors or other secondary actors, this court will not infer secondary civil liability pursuant to 18 U.S.C. § 2707."). These rulings are consistent with the Supreme Court's guidance that there is no general presumption that a plaintiff may sue aiders and abettors under a civil statute.

In *Gaubatz*, the district court aptly noted:

> When Congress created a civil right of action for violations of the Stored Communications Act in Section 2707(a), it, not surprisingly, limited the right of action to "violation[s] of th[e] chapter." 18 U.S.C. § 2707(a). And Section 2701(a), the provision Plaintiffs claim was violated in this case, only proscribes "intentionally access[ing] or "intentionally exceed[ing] an authorization" a facility through which an electronic communication service is provided. *Id.* § 2701(a). Critically, in delineating the boundaries of criminal liability under Section 2701(a) and civil liability under Section 2707(a), Congress made no mention of conspiracy, aiding and abetting, or any other form of secondary liability. The statute's plain language shows that Congress had one category of offenders in mind-i.e., those who directly access, or exceed their authority to access, a facility through which an electronic communication service is provided.

891 F. Supp. 2d at 26-27. The Court concurs with the district court's reasoning in *Gaubatz*. As Judge Posner of the Seventh Circuit succinctly noted: "[s]o statutory silence on the subject of secondary liability means there is none." *Boim v. Holy Land Foundation for Relief*

*and Development,* 549 F.3d 685, 689 (7th Cir. 2008) (en banc). Vista's arguments to the contrary are unpersuasive.

Vista contends that the conspiracy claim is really a claim under Florida law and that Florida has a heightened right to privacy. This argument fails for several reasons. A review of the complaint reflects that Vista brought the conspiracy claim under the SCA, not Florida law. However, even if Vista attempted to bring the claim under Florida law, said claim would fail. The elements of civil conspiracy under Florida law are: "(1) an agreement between two or more parties (2) to do an unlawful act by unlawful means (3) the committing of an overt act in pursuance of the conspiracy and (4) damage to the plaintiff as a result of the act." *Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.,* 590 F. Supp. 2d 1364, 1368 (M.D. Fla. 2008) (citing *Walters v. Blankenship,* 931 So. 2d 137, 140 (Fla. 5th DCA 2006)).

Importantly: "The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff." *Liappas v. Augoustis,* 47 So. 2d 582, 582 (Fla. 1950).[1] Other than the SCA violations, the complaint does not allege any cognizable "civil wrong" on the part of Park.

Finally, Vista's focus on Florida's heightened privacy rights for individuals is peculiar because Vista is a limited liability company; Vista is not an individual. And the privacy rights afforded to *individuals* under the Florida constitution relate to government action, not

---

[1] This case does not fall within the exception to the general rule, where no civil wrong is the object of the conspiracy, but "the mere force of numbers, acting in unison, or other exceptional circumstances, gives rise to an independent wrong. In such cases the conspiracy itself becomes the gist of the action." *Liappas,* 47 So. 2d at 583; *Snipes v. W. Flagler Kennel Club, Inc.,* 105 So. 2d 164, 165 (Fla. 1958).

action between two private parties. In sum, Vista's arguments with respect to Florida's privacy rights are without merit in this context.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Joseph R. Park's Motion for Judgment on the Pleadings (Dkt. 45) is granted. Count II is dismissed with prejudice as to Defendant Joseph R. Park and Defendant Terri A. Burkett.[2]

2. Defendant Joseph R. Park's Motion for Leave to File Reply (Dkt. 51) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on February 13, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1640.grantmt4judgonplead.wpd

---

[2] This opinion may appear inconsistent with the Court's previous ruling in this case on Park's motion to dismiss that Vista's conspiracy allegations were sufficient to state a claim under Fed. R. Civ. P. 12(b)(6). *See* Dkt. 8. At that time, however, the Court's analysis was limited to whether the allegations stated a claim; Park did not argue that secondary liability was not cognizable under the SCA.