## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**VISTA MARKETING, LLC,**

     **Plaintiff,**

**v.**                               **Case No.  8:12-cv-1640-T-30TBM**

**TERRI A. BURKETT and**
**JOSEPH R. PARK,**

     **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Terri A. Burkett's Motion for Summary Judgment (Dkt. 55), Plaintiff's Motion for Partial Summary Judgment on Liability (Dkt. 58), and the parties' respective Responses in Opposition (Dkts. 67 & 68). The Court, having reviewed the motions, responses, record evidence, and being otherwise advised in the premises, concludes that the motions should be denied. The Court grants Plaintiff's alternative request for summary judgment on Defendant Terri A. Burkett's Affirmative Defenses.

## BACKGROUND

Plaintiff Vista Marketing LLC ("Vista") filed this action against Defendants Terri A. Burkett and Joseph R. Park alleging violations of the Stored Communications Act ("SCA")

by Terri  Burkett (Count I) and conspiracy against Terri Burkett and Park to violate the SCA (Count II).[1]

During the relevant time, Franklin A. Burkett, an officer and managing member of Vista, and his wife Terri Burkett were in the midst of a divorce proceeding.  Terri filed for divorce in February 2010.  The divorce was extremely contentious.  In October 2011, during the pendency of the divorce, Terri began to frequently access Franklin's e-mails at frank@vistamktg.net after she heard that Franklin planned on closing Vista.  Terri had accessed the e-mail account sporadically prior to that time.  However, when she heard that Vista may be closing, she accessed the e-mail account every couple of days to find out the "truth" about Vista's operations.  (Dkt. 59-2 at 51:3-19).

Terri accessed the Vista e-mail account using the same user name and password that she and Franklin "always used since the business." (Dkt. 59-1 at 64:1-2).[2]  Terri testified that the password was used for other accounts as well.  Terri viewed Vista as her and Franklin's business; she had been able to access the Vista e-mail account since about 2007.  She did not view her access of Franklin's Vista e-mail account as unauthorized.  Terri testified that she would access the account from her home computer by logging in at the Vista business mail web site.[3]  Terri admitted that she accessed the account in a manner that was designed to conceal her access from Franklin.  She also admitted that she never told Franklin that she was accessing the e-mail account.

---

[1] On February 13, 2014, the Court granted Defendant Joseph R. Park's motion for judgment on the pleadings (Dkt. 52).  Accordingly, Count I is the only remaining claim in this action.

[2] Terri Burkett was deposed twice in the divorce proceeding and once in this case.

[3] Terri occasionally accessed the account from hotels while she was traveling with her children.

Joseph R. Park was Terri's divorce attorney during the relevant period of time. In March or February 2012, Terri told Park about her access to Vista's web-mail account and the e-mails to Franklin pertaining to Vista's business. Park told Terri that she could continue to access Franklin's "business" e-mails but that she must not read any e-mails between Franklin and his divorce attorney, Michael Lundy. The record is clear that the e-mail account contained e-mails between Franklin and Lundy. Terri testified that she did not read or print these e-mails. Terri read and printed any e-mails dealing with Vista, that were not between Franklin and his attorney. She provided the printed e-mails to her attorneys and experts in the divorce proceeding. The printed e-mails totaled approximately six-hundred pages and were organized in an 8-inch binder. Terri also read and printed numerous text messages that were contained as an attachment to one e-mail.[4]

Terri admitted that she was not a manager of Vista, she never served as an officer of Vista, she never had her own e-mail address through Vista, and she was never an employee of Vista.

In May 2012, Vista became aware of Terri's access to Vista's web-mail account. On May 10, 2012, Terri was deposed in the divorce proceeding and admitted to reading and printing Franklin's e-mails. Around this same time, she stopped accessing the e-mail account because she could no longer log in to the account; she assumed that Franklin changed the password to the account.

According to Franklin, who was deposed in his individual capacity and in his capacity as Vista's corporate representative, Terri's actions were unauthorized. Franklin testified that

---

[4] Franklin testified that this e-mail contained approximately 72,000 text messages in an attachment.

Terri's unauthorized access of the e-mail account affected Vista's other members; they felt upset and violated because there was a lot of personal information on the e-mails. Franklin was unaware that a person could access the e-mail account remotely; during 2010-2012, Franklin always checked his e-mails on his desktop at work.

Terri moves for summary judgment on Vista's claim against her under the SCA. Terri argues that the claim fails as a matter of law because the record is undisputed that the e-mails she accessed were not in "electronic storage" at the time of access.

Vista moves for partial summary judgment on the issue of Terri's liability. Vista argues that the record is undisputed that Terri intentionally accessed Vista's e-mail account without authorization. Vista also argues that it is entitled to judgment, as a matter of law, on Terri's affirmative defenses.

## STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

The relevant section of the SCA provides that whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided; or intentionally exceeds an authorization to access that facility; and thereby obtains ... access to a wire or electronic communication while it is in electronic storage in such system shall be punished ..." 18 U.S.C. § 2701(a). The statute allows for private causes of action where "any person" injured by a violation of the SCA can show that the person violating the Act acted with a "knowing or intentional state of mind[.]" 18 U.S.C. § 2707(a).

"[E]lectronic storage" is defined as:

(A)   any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and

(B)   any storage of such communication by an electronic communication service for the purposes of backup protection of such communication;

18 U.S.C. § 2510(17).

## I.    Terri's Motion for Summary Judgment

Terri argues that the record is undisputed that the e-mails she accessed were not in "electronic storage" as defined under section 2510(17).  The Court disagrees.  The record is entirely unclear on this issue.  Franklin repeatedly testified that he did not have technical knowledge and was uncertain as to the specifics of Vista's email system.  Franklin admitted that Vista's server was maintained by CrystalTech and that the e-mail acted like a Gmail account.  But Franklin was unclear about when Terri's access of the e-mails occurred.  It is also unclear whether Terri accessed the e-mails before Franklin read them in his inbox on his computer desktop.  Finally, whether the messages were stored on the server for "backup protection" is unclear.  At the summary judgment stage, the Court cannot determine these issues on this limited record.  Accordingly, Terri's motion for summary judgment is denied.

## II.    Vista's Motion for Partial Summary Judgment on Liability

Vista argues that the record is undisputed that Terri's access to Franklin's Vista e-mail account was intentional and without authorization.  The Court disagrees.  The record reflects material disputed facts on this issue.  Terri utilized a common password that she and Franklin shared.  Terri viewed Vista as her and Franklin's business.  Although Franklin may have been unaware of her access of the account during the pendency of the divorce proceeding,

a jury could find that Terri's access was authorized, in light of the common password, the fact that Franklin did not change the password, and Terri's belief that they shared Vista's ownership.  Franklin claims that she was not authorized to access the account but Terri disputes that; in essence, this is a classic "he said, she said" situation.  Accordingly, Vista's motion for partial summary judgment is denied.

## III.    Terri's Affirmative Defenses

Vista also moves for judgment on Terri's affirmative defenses.  In response, Terri agrees to withdraw her third, fourth, sixth, thirteenth, sixteenth, and seventeenth affirmative defenses.  As an initial point, Terri's first, second, fifth, seventh, eighth, ninth, fifteenth, and eighteenth defenses are merely defenses to the extent that they amount to denials of the claim and lack of damages.  As such, the Court will not discuss these defenses any further.  The defenses that the parties focus on at this stage are Terri's eleventh affirmative defense of collateral estoppel, Terri's twelfth affirmative defense of unclean hands, and Terri's fourteenth affirmative defense of reliance on advice of counsel.

### A.    Collateral Estoppel

The doctrine of collateral estoppel, also referred to as issue preclusion, bars the relitigation of issues that previously have been litigated and decided.  *See Irvin v. U.S.,* 335 Fed. Appx. 821, 822-23 (11th Cir. 2009); *Christo v. Padgett,* 223 F.3d 1324, 1339 (11th Cir. 2000).  To apply collateral estoppel, the following elements must be present: "(1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to

litigate the issue in the prior proceeding." *See Christo,* 223 F.3d at 1339 (quoting *Pleming*

*v. Universal-Rundle Corp.,* 142 F.3d 1354, 1359 (11th Cir. 1998)).

Terri argues that Vista's claim under the SCA is precluded under the doctrine of

collateral estoppel because the divorce court determined that Vista was marital property and,

thus, Terri's access of the Vista e-mail account was authorized.  This affirmative defense

fails as a matter of law because the issue of marital property is materially different from the

issue of whether Vista and its members authorized Terri to access its e-mail account.  In other

words, the issues are entirely different.  A claim under the SCA focuses on the offending

party's intent and whether that party's actions were authorized.  The divorce court did not

analyze this issue under the SCA.  As such, any ruling regarding marital assets and the

divorce court's findings regarding Terri and Franklin's credibility have no place in this

action.  Accordingly, Terri's collateral estoppel affirmative defense fails as a matter of law

and shall not be inserted in this case because it is inappropriate under the SCA.[5]

    B.    <u>Unclean Hands</u>

Terri argues that Vista has unclean hands because the e-mails that Terri printed make

clear that Franklin and one or more of Vista's owners/members were perpetrating a fraud in

the dissolution action by engaging in a longstanding pattern of deception, distortion, and

dishonest conduct that was designed to mischaracterize Vista's financial condition.  This

defense is entirely unrelated to the instant action.  Franklin's behavior in the divorce

proceeding has no relevance to the instant action that relates only to the issue of whether

---

[5] Of course, with respect to authorization, Terri is permitted to argue that, at the time she accessed and printed Vista's e-mails, she believed Vista was her company and that her actions were authorized as Vista's partial owner.

Terri violated the SCA.  This affirmative defense is inappropriate in this action and fails as a matter of law.

C.      Reliance on Advice of Counsel

Terri argues that the SCA claim fails because she relied upon her counsel when she accessed Vista's e-mail account.  Terri testified that her divorce attorney, Park, told her that she could continue to access Vista's e-mails, as long as she restricted her search to e-mails regarding Vista's business.  This affirmative defense also fails as a matter of law because the SCA does not recognize an advice of counsel defense.

The SCA recognizes limited instances whereby one's good faith reliance excuses her from civil liability.  *See* 18 U.S.C. § 2707(e).  These limited instances include good faith reliance on court warrants, orders, subpoenas, and governmental requests.  *See id.*  Reliance on the advice of counsel is not one of the specific instances or defenses recognized by the SCA.  Moreover, the Court has been unable to identify one federal case applying an advice of counsel defense to a claim under the SCA.  Accordingly, Terri's advice of counsel defense fails as a matter of law.

It is therefore **ORDERED AND ADJUDGED** that:

1.      Terri A. Burkett's Motion for Summary Judgment (Dkt. 55) is denied.

2.      Plaintiff's Motion for Partial Summary Judgment on Liability (Dkt. 58) is denied.

3.      The Court grants summary judgment in Plaintiff's favor on Terri Burkett's affirmative defenses as explained herein.

4.      The parties' Motions for Leave to File a Reply (Dkts. 73 & 74) are denied as

moot.

**DONE** and **ORDERED** in Tampa, Florida on March 14, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1640.denymsjs.wpd