**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VISTA MARKETING, LLC,**

    **Plaintiff,**

v.                                                 Case No.  8:12-cv-1640-T-30TBM

**TERRI A. BURKETT and**
**JOSEPH R. PARK,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Joseph R. Park's Proposed Bill of Costs (Dkt. 63), Plaintiff Vista Marketing, LLC's Objection (Dkt. 66), and Defendant Joseph R. Park's Response to Plaintiff's Objection (Dkt. 76).  The Court, having considered the parties' filings with respect to Defendant Joseph R. Park's Proposed Bill of Costs, and being otherwise advised in the premises, concludes that Park is entitled to costs in the amount of $320.00.

## STANDARD FOR AWARDING COSTS

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise."  Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees

and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).

## DISCUSSION

Park requests costs in the amount of $23,037.10 comprised of the following: subpoena fees in the amount of $135.00; deposition transcripts in the amount of $7,400.00; witness fees in the amount of $105.00; copy fees in the amount of $574.50; videographer fees in the amount of $2,070.00; expert fees in the amount of $5,950.00; and litigation support vendors in the amount of $6,802.50. The majority of these fees are not recoverable under section 1920. Also, the deposition transcripts, although typically awarded to a prevailing party as a recoverable cost, are not recoverable under the particular circumstances of this case.

Park prevailed in this case on a motion for judgment on the pleadings. Vista alleged a conspiracy claim against Park under the Stored Communications Act ("SCA"). Park argued that the SCA did not cover secondary liability, i.e., conspiracy claims. The Court agreed and dismissed the conspiracy claim with prejudice.

Park filed his answer in this case on September 10 2012, prior to the commencement of discovery (Dkt. 9). Curiously, Park did not file his motion for judgment on the pleadings until January 14, 2014 (Dkt. 45). Park now seeks costs associated with numerous deposition transcripts. Although deposition costs are typically recoverable, the Court cannot award them to Park under these facts. The deposition costs were not necessarily obtained for use in this case. Park could have filed his motion for judgment on the pleadings in 2012. Park opted to wait until January 2014 to file his motion. By its very nature, Park's motion for judgment on the pleadings did not rely upon any deposition testimony, expert opinion, or any other matter outside the pleadings. Accordingly, the costs associated with the depositions taken in this case are not recoverable.

The Court will award Park costs associated with the subpoena fees in the amount of $135.00 and witness fees in the amount of $185.00.[1]

The expert fees are unrecoverable. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir.1996) (noting that expert witness fees for non-court-appointed expert witnesses are not recoverable under section 1920). Also, the copy costs, videographer fees, and litigation support fees were incurred for the convenience of counsel and, therefore, are also unrecoverable.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Joseph R. Park is entitled to costs in the amount of $320.00.

---

[1] The Court included $80.00 in witness fees for the two experts.

2.	The Clerk of Court is directed to enter a Bill of Costs in the amount of $320.00 in Defendant Joseph R. Park's favor and against Plaintiff Vista Marketing, LLC.

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1640.costs.wpd