IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VISTA MARKETING, LLC,                           :

      Plaintiff,                            :

                                  :      CASE NO. 8:12-cv-01640-JSM-TBM

v.                                              :

TERRI A. BURKETT, and                           :
JOSEPH R. PARK,                                 :

      Defendants.                           :

_____ :

## PARTIES' PROPOSED JURY INSTRUCTIONS

      Plaintiff, VISTA MARKETING, LLC, and Defendant, TERRI A. BURKETT, hereby

propose the following jury instructions but note that the following instructions do not constitute a

complete set for use at trial.

      The parties disagree on particular instructions regarding the substantive law and also

disagree on the content of the verdict form. Each party will separately propose a verdict form and

instructions on the substantive law for the Court's consideration.

Signed this 16th day of June, 2014

_____
Richard C. Alvarez, Esq
Florida Bar No 031615
ALVAREZ GARCIA
*Counsel for Plaintiff*
742 South Village Circle
Tampa, Florida 33606
Telephone No. (813) 254-9555
Facsimile No. (813) 254-9555
ralvarez@alvarezgarcia.com

Signed this 16th day of June, 2014.

_____
Jeffrey W. Gibson, Esq.
Florida Bar No.: 0568074
jg@macfar.com
MacFarlane Ferguson & McMullen
201 North Franklin Street, Suite 2000
Tampa, FL 33602
Telephone:   (813) 273-4200
Facsimile:    (813) 273-4396
Attorneys for Defendant, Terri A. Burkett

**INSTRUCTION NO. 1**

**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"— simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if

[he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Vista Marketing, LLC, claims the Defendant, Terri A. Burkett, violated the Stored Communications Act by intentionally accessing Vista Marketing, LLC's web-mail account and the email messages electronically stored within the subaccount of Defendant's ex-husband, Frank Burkett, during their divorce proceedings and without the authorization to do so.  Terri Burkett denies those claims and contends that she was authorized to access Vista Marketing, LLC's webmail account, that she did not act knowingly, intentionally or willfully, and that the emails

that are the subject matter of Vista Marketing, LLC's claim were not in "electronic storage."

Burden of proof:

Plaintiff, Vista Marketing, LLC, has the burden of proving its case by what the law calls a "preponderance of the evidence." That means Vista Marketing, LLC must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Vista Marketing, LLC and the evidence favoring Defendant, Terri Burkett, on opposite sides of balancing scales, Vista Marketing, LLC needs to make the scales tip to its side.  If Vista Marketing, LLC fails to meet this burden, you must find in favor of Terri Burkett.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social- networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff, Vista Marketing, LLC will present its witnesses and ask them questions. After Vista Marketing, LLC, questions the witness, Defendant, Terri Burkett, may ask the witness questions—this is called "cross-examining" the witness. Then Terri Burkett will present her witnesses, and Vista Marketing, LLC, may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 1.1 (2013); Joint Pretrial Statement at ¶¶ 2-3 (description of case).

**INSTRUCTION NO. 2**

**Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 1.4 (2013).

**INSTRUCTION NO. 3**

**Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 1.5 (2013).

**INSTRUCTION NO. 4**

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

Vista Marketing, LLC and Terri Burkett have agreed to the following facts and you must treat these facts as proved for this case:

- Vista Marketing, LLC is a limited liability corporation formed in the State of Florida.

- Frank Burkett is the managing member of Vista Marketing, LLC.

- Terri Burkett filed for divorce from Frank Burkett on February 17, 2010.

- Joseph R. Park represented Terri Burkett in the divorce.

- Vista Marketing, LLC subscribed to and maintained a web-mail account which was accessible online.

- Access to Vista Marketing, LLC's web-mail account, mail.vistamktg.net, required a password.

- Vista Marketing, LLC had a subaccount in its web-mail account for Frank Burkett's emails.

- Terri Burkett delivered printed emails to Joseph Park and her experts in the divorce, specifically David Harper and Stephen Jackson.

- Terri Burkett was deposed in the divorce on May 10, 2012.

Authority:   Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 2.1 (2013); Joint Pretrial Statement at ¶ 9 (stipulated facts).

**PLAINTIFF SEPARATELY PROPOSES USE OF
STANDARD INSTRUCTION REGARDING
JUDICIAL NOTICE IN THIS POSITION**

**INSTRUCTION NO. ___**

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness] taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 2.2 (2013).

**INSTRUCTION NO. ___**

**Interim Statements**

    At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear—like all statements by the lawyers—is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 2.4 (2013).

**INSTRUCTION NO. ___**

**Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 2.6 (2013).

**INSTRUCTION NO. ___**

**In-Trial Instructions on News Coverage**

Reports about this trial[or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

Authority:  <u>Eleventh Circuit Pattern Jury Instructions (Civil Cases)</u> No. 2.7 (2013).

**INSTRUCTION NO. ___**

**Court's Instruction to Jury**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 3.1 (2013).

**INSTRUCTION NO. \_\_\_**

**The Duty to Follow Instructions—Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 3.2.2 (2013).

**INSTRUCTION NO. \_\_\_**

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel;
Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority:  <u>Eleventh Circuit Pattern Jury Instructions (Civil Cases)</u> No. 3.3 (2013).

**INSTRUCTION NO. ___**

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

Authority: <u>Eleventh Circuit Pattern Jury Instructions (Civil Cases)</u> No. 3.4 (2013).

**INSTRUCTION NO. ___**

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 3.5.1 (2013).

**INSTRUCTION NO. ___**

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 3.6.1 (2013).

**INSTRUCTION NO. \_\_\_**

**Responsibility for Proof—Plaintiff's Claim—Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff, Vista Marketing, LLC, to prove every essential part of its claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Vista Marketing, LLC's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Vista Marketing, LLC.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Vista Marketing, LLC's claim by a preponderance of the evidence, you should find for Terri Burkett as to that claim.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 3.7.1 (2013).

**PARTIES SEPARATELY PROPOSE**
**SUBSTANTIVE INSTRUCTIONS IN THIS POSITION**

**INSTRUCTION NO. ___**

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 3.8.1 (2013).

**INSTRUCTION NO. \_\_\_**

**Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 3.9 (2013).

**INSTRUCTION NO. ___**

**Civil *Allen* Charge**

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it—or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement—if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself—but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors—who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions, including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

Authority:  <u>Eleventh Circuit Pattern Jury Instructions (Civil Cases)</u> No. 2.8 (2013).