IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VISTA MARKETING, LLC,

  Plaintiff,

v.

TERRI A. BURKETT, and
JOSEPH R. PARK,

  Defendants.

CASE NO. 8:12-cv-01640-JSM-TBM

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS TO**
**SUPPLEMENT PARTIES' PROPOSED SET**

  Plaintiff, VISTA MARKETING, LLC, hereby proposes the following jury instructions to supplement the set proposed jointly by the parties under separate cover.

  Plaintiff's proposed instructions concern: (1) judicial notice; and (2) the substantive law applicable in this case.

/s/ _____
Richard C. Alvarez, Esquire
Florida Bar No. 031615
ALVAREZ GARCIA
*Counsel to Plaintiff*
742 South Village Circle
Tampa, Florida 33606
Telephone No. (813) 259-9555
Facsimile No. (813) 254-9555
ralvarez@alvarezgarcia.com

**CERTIFICATE OF SERVICE**

  PLAINTIFF'S COUNSEL HEREBY CERTIFIES that on June 16, 2014, a true and correct copy of these proposed jury instructions was electronically filed with the Clerk of Court using the CM/ECF system so that notice will be sent to Jeffrey W. Gibson, Esquire, Ashley R. Kellgren, Esquire, and Joshua Magidson, Esquire, of MacFarlane Ferguson & McMullen, *Counsel to Defendant Terri A. Burkett*, and all other interested persons.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

**Judicial Notice**

    The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted the fact that there were 813 days between February 17, 2010, and May 10, 2012, as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

Authority:   Eleventh Circuit Pattern Jury Instructions (Civil Cases) No. 2.5 (2013); Endorsed Order Granting Motion to Take Judicial Notice from June 11, 2014 (Doc. 104).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17

### Issues on Plaintiff's Claim

Plaintiff, Vista Marketing, LLC, claims Defendant, Terri Burkett, violated the Stored Communications Act.

The Stored Communications Act provides, "[W]hoever – intentionally accesses without authorization a facility through which an electronic communication service is provided or intentionally exceeds an authorization to access that facility – and thereby obtains . . . access to [an] . . . electronic communication while it is in electronic storage in such system shall be [subject to liability]."

"[T]he conduct constituting the violation [of the Stored Communication Act must have been] engaged in [by a defendant] with a knowing or intentional state of mind[.]"

An "intentional state of mind" under the Stored Communication Act "means that one's state of mind is intentional as to one's conduct or the result of one's conduct if such conduct or result is one's conscious objective." "A common means to describe conduct as intentional, or to say that one causes the result intentionally, is to state that it is done or accomplished 'on purpose.' The term 'intentional' is not meant to connote the existence of a motive. Liability for intentionally engaging in prohibited conduct is not dependent on an assessment of the merit of the motive that led to the person to disregard the law."

Furthermore, the Stored Communications Act prohibits unauthorized access to an electronic communication while it is in "electronic storage." The Act defines "electronic storage" as: "(A) any temporary, intermediate storage of [an] electronic communication incidental to the electronic transmission thereof; [or] (B) any storage of such communication by an electronic communication service for the purposes of back protection of such communication."

Authority:  18 U.S.C. § 2701(a)(who may be liable); 18 U.S.C. § 2707(a)(requirement of "intentional state of mind"); Senate Report No. 99-541 at pp. 23-24 (1986)(definition of "intentional state of mind"); 18 U.S.C. § 2510(17)(definition of "electronic storage").

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

### Damages

  If you find that Defendant, Terri Burkett, violated the Stored Communications Act, you shall determine how many times she violated the Act by intentionally accessing the web-mail account of Vista Marketing, LLC or the email subaccount of Frank Burkett without authorization or in excess of any prior authorization. You shall then record the number of violations on your verdict form.

  If you find that Terri Burkett violated the Stored Communications Act, you may also award punitive damages against Terri Burkett on your verdict form. The purpose of punitive damages is to punish a defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future.

Authority: 18 U.S.C. § 2701(c)(damages); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 492 (2008)(aim of punitive damages).