## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**VISTA MARKETING, LLC,**

      **Plaintiff,**

**v.**                                    **Case No.  8:12-cv-1640-T-30TBM**

**TERRI A. BURKETT,**

      **Defendant.**

_____/

## ORDER AND JUDGMENT ON DAMAGES

THIS CAUSE comes before the Court upon Defendant's Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(a) (Dkt. 133).  The Court, having reviewed the motion, and being otherwise advised in the premises, concludes that the motion should be denied.

The Court also concludes, in its discretion, that Plaintiff is entitled to statutory damages in the amount of $50,000.  The Court declines to award attorney's fees and expenses, although Plaintiff may file a Bill of Costs with respect to any taxable costs.

## BACKGROUND

Plaintiff Vista Marketing LLC ("Vista") filed this action against Defendants Terri A. Burkett and her attorney Joseph R. Park alleging violations of the Stored Communications

Act ("SCA") by Terri Burkett (Count I) and conspiracy against Terri Burkett and Park to violate the SCA (Count II).[1]

During the relevant time, Franklin A. Burkett, an officer and managing member of Vista, and his wife Terri Burkett ("Defendant") were in the midst of a divorce proceeding.[2] Terri filed for divorce in February 2010. The divorce was extremely contentious. In October 2011, during the pendency of the divorce, Terri began to frequently access Franklin's e-mails at frank@vistamktg.net after Franklin testified in a hearing to reduce support that he planned on closing Vista. Terri had accessed the e-mail account sporadically prior to that time. Specifically, Terri testified at trial that she knew the user name and password to access the e-mail account because both she and Franklin would occasionally access the e-mail account from their home during their marriage. Terri viewed Vista as their business; thus, she assumed she had authority to access Franklin's e-mails at frank@vistamktg.net. When Terri heard that Vista may be closing, she started accessing the e-mail account every couple of days to find out the truth about Vista's operations.

In sum, Terri accessed the subject e-mail account more frequently than every other day, over a period of 813 days. The e-mails that Terri accessed and read predominately involved discussions between Franklin, Vista's majority owner, and other Vista members/officers about Vista's operations. Notably, these e-mails would have been discoverable in the divorce proceeding because they dealt with Vista's operations, an issue

---

[1] On February 13, 2014, the Court granted Defendant Joseph R. Park's motion for judgment on the pleadings and dismissed Count II with respect to Park and Burkett (Dkt. 52). Accordingly, Count I is the only remaining claim in this action.

[2] Franklin Burkett is not a party to this action.

that was relevant to Vista's financial worth, especially in light of Franklin's claim that Vista was a failing business.

At some point during the relevant time, Franklin suspected that Terri was accessing his Vista e-mail account. Rather than change the account's user name and password, Franklin devised a trap/fake e-mail between himself and his lawyer. The fake e-mail discussed offshore bank accounts. Although the e-mail was fake, it was the only e-mail that Terri read that was between Franklin and his attorney.

Vista, as the owner of the subject e-mail account, filed the instant action and alleged in pertinent part that Terri's access to Franklin's Vista e-mails violated the SCA.

A jury trial was held on June 23, 2014, June 24, 2014, and June 25, 2014. Vista rested its case on June 24, 2014. Defendant then moved for judgment as a matter of law under Fed. R. Civ. P. 50(a); the Court reserved ruling on the motion at that time.

Defendant argues that she is entitled to judgment as a matter of law because the record is clear that (1) she did not access a facility through which an electronic communication service was provided; (2) the electronic communications that are the basis of Vista's claim were not in "electronic storage" at the time of access; (3) Vista did not incur actual damages and is therefore not entitled to statutory damages; and (4) she did not act willfully and intentionally for the purpose of imposing punitive damages. The Court will address these arguments in this order. The Court will then address the jury's verdict and the Court's award of damages in Plaintiff's favor.

## DEFENDANT'S RULE 50 MOTION

### I.   Standard of Review

Federal Rule of Civil Procedure 50 permits a district court to grant judgment as a matter of law when, after a party has been fully heard on an issue during a jury trial, "the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1).  The "court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the nonmoving party." *Beckwith v. City of Daytona Beach Shores, Fla.,* 58 F.3d 1554, 1560 (11th Cir. 1995) (citing *Walker v. NationsBank of Fla.,* 53 F.3d 1548, 1555 (11th Cir. 1995)).

The Eleventh Circuit's standard governing Rule 50 motions for judgment as a matter of law is "well established":

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury ... [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

*Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir. 2001) (quotations and citations omitted).

### II.   Applicable Law

The relevant section of the SCA provides that whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided; or intentionally exceeds an authorization to access that facility; and thereby obtains ... access

to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section."  18 U.S.C. § 2701(a).  The statute allows for private causes of action.  Specifically, a "person aggrieved by any violation of [the SCA] in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."  18 U.S.C. § 2707(a).

Notably, Defendant's arguments in favor of judgment as a matter of law encompass almost exclusively issues of law.  It is undisputed that the relevant law is unclear on these issues.  Indeed, it is difficult to apply the SCA to cases like the instant case because of the significant changes in technology from 1986, when the SCA was first enacted.  The Eleventh Circuit has not issued any opinions on the issues raised in Defendant's motion.  Thus, the Court resolves the issues discussed herein without the benefit of any binding authority.

### III.    Defendant's Argument that She Did Not Access a Facility through Which an Electronic Communication Service Was Provided

Defendant argues that she did not access a facility through which an electronic communication service was provided because the e-mails she accessed were stored after transmission; therefore, her access was through a facility through which a "remote computing service" was provided, which is not covered under sections 2701(a) and 2707(a).  Defendant does not cite to any persuasive authority on this point.  And the Court disagrees with Defendant's distinction between electronic communication service and remote computing service under the facts presented at trial.

Section 2510(15) defines "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications". Clearly, Vista's e-mail system falls within this definition.  *See In re iPhone Application Litig.,* 844 F. Supp. 2d 1040, 1057 (N.D. Cal. 2012) (noting that "the computer systems of an email provider, a bulletin board system, or an ISP are uncontroversial examples of facilities that provide electronic communications services to multiple users").   And, as discussed in the next section, it makes no difference that the e-mails were previously viewed by Franklin Burkett prior to Defendant's access of the e-mails.  Accordingly, Defendant's first argument is denied.

**IV.   Defendant's Argument that the Electronic Communications that Are the Basis of Vista's Claim Were Not in "electronic storage" at the Time of Access**

"[E]lectronic storage" is defined as:

(A)   any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and

(B)   any storage of such communication by an electronic communication service for the purposes of backup protection of such communication;

18 U.S.C. § 2510(17).  It is undisputed that section (A) does not apply to the facts presented at trial.  Defendant argues that section (B) also does not apply as a matter of law because the storage of the e-mails at issue in this case was not for the purpose of "backup protection." The Court disagrees.  *See Bailey v. Bailey*, 2008 WL 324156, at *5-*6 (E.D. Mich. Feb. 6, 2008).

In *Bailey*, the defendant asserted, similar to Defendant here, that the SCA did not apply to the defendant's access of e-mails that were previously opened by the plaintiff.  *See id.*   The defendant contended that the SCA no longer applied once the electronic

communication was transmitted to its intended recipient.  *See id.*  The court disagreed with this logic.  *See id.*  The court, relying on *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2003), concluded that the e-mails remaining on the ISP's server after delivery fit "comfortably" in subsection (B) of section 2510(17).  *See id.* at *6.  The court noted, quoting *Theofel*:

> An obvious purpose for storing a message on an ISP's server after delivery is to provide a second copy of the message in the event that the user needs to download it again-if, for example, the message is accidentally erased from the user's own computer.  The ISP copy of the message functions as a 'backup' for the user.  Notably, nothing in the [SCA] requires that the backup protection be for the benefit of the ISP rather that the user.  Storage under these circumstances thus literally falls within the statutory definition.

*See id.*  (quoting *Theofel*, 359 F.3d at 1075); *see also Cheng v. Romo*, 2013 WL 6814691 (D. Mass. 2013) (holding same); *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548 (S.D. N.Y. 2008) (holding same).[3]  Accordingly, Defendant's second argument is denied.

## V.   Defendant's Argument that Vista Must Prove Actual Damages to Recover Statutory Damages

Damages in a civil action for a violation of the SCA are set forth in 18 U.S.C. § 2707 as follows:

> **(a) Cause of action.**--Except as provided in section 2703(e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

---

[3]  Defendant relies on a few cases that appear to encompass the minority view on this issue.

**(b) Relief.**--In a civil action under this section, appropriate relief includes--

**(1)** such preliminary and other equitable or declaratory relief as may be appropriate;

**(2)** damages under subsection (c); and

**(3)** a reasonable attorney's fee and other litigation costs reasonably incurred.

**(c) Damages.**--The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

Notably, in its verdict the jury found there were no actual damages. On July 8, 2014, the Court conducted a hearing on the issue of damages and heard argument from counsel for both parties on, in relevant part, the issue of whether actual damages were necessary in order to recover statutory damages as a prevailing party. Defendant relied heavily on the Fourth Circuit's analysis of the issue in *Van Alstyne v. Elec. Scriptorim, Ltd.*, 560 F.3d 199 (4th Cir. 2009) to argue that Vista must prove actual damages to recover statutory damages.

In *Van Alstyne*, the Fourth Circuit held that "the plain language of [18 U.S.C.] § 2707(c) unambiguously requires proof of actual damages as a prerequisite to recovery of statutory damages." 560 F.3d at 206. The Fourth Circuit relied on the Supreme Court case *Doe v. Chao*, 540 U.S. 614 (2004), in which the Supreme Court interpreted language in the Privacy Act that was "substantively identical" to § 2707(c) and concluded that actual damages were a necessary prerequisite to an award of statutory damages. *See* 560 F.3d at 204-06.

Subsequent to *Van Alstyne*, numerous district courts concluded that the Supreme Court's decision in *Doe* was not persuasive to an analysis of the SCA because the structures of the Privacy Act and the SCA were not similar enough for the former to be directly applicable to the latter.  These courts, relying heavily on the SCA's legislative history, held that statutory damages could be awarded under the SCA even in the absence of any actual damages.  *See Shefts v. Petrakis*, 931 F. Supp. 2d 916, 916-19 (C.D. Ill. 2013) (disagreeing with the Fourth Circuit's analysis in *Van Alstyne* and listing numerous district court cases that concluded, contrary to *Van Alstyne*, that the SCA did not require actual damages in order to recover statutory damages); *see also Maremont v. Susan Fredman Design Grp., Ltd.*, 2014 WL 812401, at *6-*7 (N.D. Ill. Mar. 3, 2014) (agreeing with "those courts that have held that a plaintiff need not prove actual damages in order to be entitled to statutory damages for an SCA violation" and listing those decisions).

The Court agrees with the majority of cases that have concluded that a plaintiff need not prove actual damages to recover statutory damages.  But the Court comes to this conclusion for a different reason.  The Court need not focus on the statutes' legislative history because, although the Privacy Act and the SCA contain nearly identical language regarding damages, there is at least one crucial distinction: the Privacy Act uses the word "shall" and the SCA uses the word "may".

Specifically, the Privacy Act states:

**(4)** In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States *shall be liable* to the individual in an amount equal to the sum of--

**(A)** actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000;

5 U.S.C.A. § 552a(g)(4)(A) (emphasis added).

In contrast, the SCA states, as set forth in more detail above, that the "court *may assess* as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000." 18 U.S.C. § 2707(c) (emphasis added); *see also* 18 U.S.C. § 2707(a) (noting that a person aggrieved under the SCA "*may*, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as *may* be appropriate.") (emphasis added).

The distinction between "shall" and "may" is material to the Court's analysis because it makes clear that an award of damages to a prevailing party under the SCA is left to the court's discretion. For example, a court, in its discretion, could conclude that a prevailing plaintiff was entitled to zero damages, even if the jury awarded the plaintiff actual damages. In that same vein, a court could conclude that a prevailing plaintiff that suffered an amount of actual damages was entitled to an amount of damages equal to or greater than $1,000. Thus, a court could also conclude that a prevailing plaintiff that suffered zero actual damages, like Plaintiff in this case, was entitled to statutory damages. The only mandatory language in section 2707(c) is that any damages' award "shall" not be less than the sum of $1,000. Accordingly, the Court concludes that actual damages are not a prerequisite to an award of statutory damages under the SCA. Defendant's third argument is denied.

## VI. Defendant's Argument that She Did Not Act Willfully and Intentionally for the Purpose of Imposing Punitive Damages

Defendant's final argument, that the evidence at trial could not support an award of punitive damages, is moot at this point because the jury did not award Plaintiff any punitive damages.[4]  Even assuming, for the sake of argument, that this issue was not moot, the evidence presented at trial, viewed in a light most favorable to Plaintiff, the nonmoving party, was sufficient to present the issue to the jury.  Accordingly, Defendant's fourth argument is denied.

## DAMAGES' AWARD

As referenced above, the Court heard oral argument on July 8, 2014, on the issue of an award of damages in light of the jury's verdict that Defendant violated the SCA.  Notably, the jury concluded that Plaintiff committed 450 violations.  The jury awarded zero actual damages and zero punitive damages.  At the hearing, Defendant argued that Plaintiff was not the prevailing party because an award of actual damages is an element of a claim under the SCA and the jury awarded zero actual damages.  The Court has already discussed in detail its conclusion that an award of actual damages is unnecessary to prevail and recover statutory damages under the SCA; thus, this argument is denied.

Plaintiff argued that the Court should award damages in the amount of $450,000, $1,000 for each violation.  As Plaintiff acknowledged at the hearing, there are only two cases that suggest that statutory damages under the SCA should amount to an award of $1,000 per

---

[4] The jury did conclude that Defendant's conduct was willful, wanton, or malicious for purposes of assessing punitive damages but awarded zero punitive damages against Defendant.  *See* Jury Verdict at Dkt. 138.

violation.  *See Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F.

Supp. 2d 417 (S.D. N.Y. 2010); *In re Hawaiian Airlines, Inc.*, 355 B.R. 225 (D. Hawaii

2006).  The Court agrees with these decisions to the extent that a court "may" award statutory

damages in this fashion.  But the Court declines to do so under the facts of this case.

     As stated above, the SCA's language with respect to damages suggests that it is within

the Court's broad discretion to fashion an appropriate damages' award.  The Court concludes

that a damages' award in the amount of $50,000 is appropriate.  The jury's verdict makes

clear that the jury did not believe that Vista was entitled to any actual or punitive damages.

Indeed, it is entirely unclear how *Vista* was damaged.  The e-mails that Terri accessed would

have been discoverable in the divorce proceeding.  In other words, she was entitled to read

these e-mails in the divorce proceeding because they involved Vista's operations.  Only one

e-mail was privileged.  Franklin, at some point, was aware of Terri's access to the subject e-

mail account but chose to allow Terri to continue her access so that he could devise a fake

e-mail between himself and his attorney.  This conduct does not reveal any great concern on

Vista's part with Terri's unauthorized access of the account.

     In sum, it is evident that this case is really between Franklin, a non-party, and Terri.

And it is being driven by emotions and, perhaps, personal vendetta.  It is also important to

note that the 450 violations found by the jury can be construed as a single violation because

Terri accessed the same e-mail account so frequently as to constitute one continuing

violation.  Accordingly, the Court cannot in good conscience award Vista $450,000.  The

Court concludes that an award of $50,000 is an appropriate award in light of Terri's one

continuing violation of the SCA.  For the same reasons, the Court declines to award Vista its attorney's fees and expenses.

It is therefore **ORDERED AND ADJUDGED** that:

1.      Defendant's Motion for Judgment As A Matter of Law Pursuant to Federal Rule of Civil Procedure 50(a) (Dkt. 133) is denied for the reasons explained herein.

2.      The Court awards statutory damages under the SCA to Plaintiff, the prevailing party, in the amount of $50,000.  The Court declines to enter any other form of relief, including equitable relief, punitive damages, attorney's fees, and expenses.

3.      The Clerk of Court is directed to enter FINAL JUDGMENT in favor of Plaintiff Vista Marketing, LLC and against Defendant Terri A. Burkett in the amount of $50,000.  This judgment will accrue interest at the federal rate.

4.      The Clerk of Court is directed to close this case and terminate any pending motions as moot.

5.      Plaintiff may file a Bill of Costs with respect to any taxable costs no later than fourteen (14) days from the date of this Order.

**DONE AND ORDERED** at Tampa, Florida on this 7th day of August, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2012\12-cv-1640.Rule50andjudgment-damages.wpd